Geeen, J.
delivered the opinion of the court.
This case differs widely from the case of Guthrie vs. Owen, (10 Yer. 339,) in its facts, and consequently the decision of it must be controlled by entirely different principles.
In that case, Owen held under the heirs, and was clothed with the title of the heirs, and- was consequently held to be in no better situation as regards the widow’s right of dower than the heirs would have been. In this case, Williams holds under a deed from Daniel Carmichael, made when he did not pretend to have any title, and consequently, unless Carmichael after-wards became vested with the title of the heirs, the possession of Williams, for twenty-five years, has been held under the deed of a stranger to the title, and adversely to the heirs. But the bill alledges, and so the fact is, that the proceedings by sci. fa. to subject the land of the heirs to the satisfaction of the judgment against their administrator, were wholly void, the sci.fa. not having been served on them, but on their guardian only. Combs vs. Young, 4 Yer. 218; Simmons vs. Wood, 6 Yer. 522; Crutchfield vs. Stewart, 10 Yer. 257. Williams’s possession under the Carmichael deed is therefore a bar to the right of the heirs, or such of them as were twenty-one years of age three years before this bill was brought; and as the right to dower is connected with and inheres in the title of the heirs, that which operates as a bar to their title is a bar to the right of dower.
2. But we think if the proceedings against the heirs had been regular, so that the defendant Williams’s possession had been taken and held by virtue of a title derived from the heirs, the circumstances of the case are such as that, coupled with the great length of time that has elapsed, ought to repel the complainant’s right to dower. She admits, in her bill, that she *99 concurred in the sale of the land, and voluntarily relinquished possession of the premises. True, she 'alledges that she did so under the influence of ignorance of her rights, and delusive and false promises of defendant Carmichael; but we must regard her as having knowledge of the law of her case, and the allegation of fraud is denied and not proved.
Note. — Where dower has not been assigned to a widow in the lands of her deceased husband, a possession of seven years by the heirs or those who come in under them will not, by virtue of the act of 1819, ch. 23, sec. 2, bar her right thereto. Guthrie et ux vs. Owen's heirs, 10 Yerger, 339.
In South Carolina' it is held that the statute of limitations will protect a purchaser against a claim of dower as well as against any other claim. Boyle vs. Rowand, 3 Des-aus. 555.
in New Jersey an action of dower is barred after twenty years. 3 Harrison, 107.
In Maryland it is held that the statute of limitations forms no bar in equity to the claim of dower. 2 Gill & Johnson, 468.
By the English law, the wife’s remedy by action for her dower is not within the ordinary statutes of limitation. 4 Kent, 69. If dower be not assigned to the widow during her life, the right is extinct. 4 Kern, 60, note.
By the revised laws of New York, dower must be demanded within twenty years from the death of the husband or from the termination of certain disabilities mentioned in the statute, or the claim is barred.
We have then the case of an agreement of a dowress for the sale of the land, a voluntary relinquishment of possession, and a forbearance to assert her claim to dower for more than twenty years. The defendant Williams, too, purchased under the influence of this abandonment of her claim for dower, and has for twenty years held possession of the land so purchased, in the full confidence that he had a good title, free from all incum-brance. -
Under these circumstances, we think it would be inequitable now to permit the complainant, through the aid of this court, to assert a right thus abandoned, which she has permitted to lie dormant so long.
The decree must be reversed, and the bill dismissed.